JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-10201 MMM (PLAx) | Date | March 15, 2012 |

| | |
|---|---|
| Title | *Deutsche Bank National Trust Company v. Alan Antonino, et al.* |

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   Order Granting Plaintiff's Motion to Remand Action to Los Angeles Superior Court for Lack of Subject Matter Jurisdiction[4]

### I. FACTUAL BACKGROUND

On September 21, 2011, plaintiff Deutsche Bank National Trust Co. ("Deutsche") filed an unlawful detainer action against defendants Alan, Antonino, Ludy Antonino ("the Antoninos") and certain fictitious defendants in Los Angeles Superior Court.[1]  On December 16, 2011, the state court tried the action and entered judgment for plaintiff.[2]  Three days later, defendants removed the action to federal court, invoking the court's federal question and diversity jurisdiction.

On December 21, 2011, plaintiff filed a motion to remand for lack of subject matter

---

[1] Notice of Removal ("Removal"), Docket No. 1 (December 9, 2011), Exh. B ("Complaint").

[2] Plaintiff's Memorandum in Support of Motion to Remand ("Memorandum"), Docket No.5 (December 21, 2011) at 2.

jurisdiction.[3] Defendants have opposed the motion.[4]

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the court finds the matter appropriate for decision without oral argument and vacates the hearing scheduled for March 19, 2012. For the reasons discussed below, plaintiff's motion to remand is granted.

## II. DISCUSSION

### A. Legal Standards Governing Removal Jurisdiction

The right to remove a case to federal court is entirely a creature of statute. See *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000. See 28 U.S.C. §§ 1441(a), (b); see also 28 U.S.C. §§ 1331, 1332(a). Only state court actions that could originally have been filed in federal court may be removed. 28 U.S.C. § 1441(a); see *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985), and *Libhart*, 592 F.2d at 1064). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

### B. Whether the Court Has Diversity Jurisdiction to Hear the Action

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. . . ." 28 U.S.C. § 1332(a); see also *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that

---

[3]Notice of Motion to Remand ("Remand"), Docket No. 5 (December 21, 2011).

[4]Opposition to Motion to Remand ("Opposition"), Docket No. 6 (February 10, 2012). On the same day defendants filed opposition, they filed a counterclaim and third party complaint against Deutsche and various third party defendants. (Counterclaim and Third Party Complaint ("Counterclaim"), Docket No. 9 (Feb. 10, 2012)).

the parties be in complete diversity and the amount in controversy exceed $75,000"). "[W]hen a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount is met.'" *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (quoting *Lowdermilk v. U.S. Bank National Association*, 479 F.3d 994, 1000 (9th Cir. 2007)).

In any case where subject matter jurisdiction is premised on diversity, there must be complete diversity, i.e, all plaintiffs must have citizenship different than all defendants. See *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 & n. 3 (1996). The complaint alleges that plaintiff is a national banking association with its principal offices located in California.[5] "A national bank . . . is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 303 (2006). Although defendants contend that plaintiff was incorporated in Delaware,[6] this does not rebut plaintiff's allegation concerning its citizenship. Because its main office is located in California, plaintiff is a citizen of California. While defendants do not allege their own citizenship, it appears likely that they are citizens of California,[7] and that their citizenship is not diverse from plaintiff's. Even if defendants are not California citizens, they have failed to demonstrate that the court has diversity jurisdiction to hear the action because they have failed affirmatively to allege their citizenship.[8]

Even if there were complete diversity of citizenship, moreover, defendants have not met their burden of demonstrating that the amount in controversy exceeds $75,000. "[W]hen a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold,

---

[5]Complaint, ¶ 15.

[6]Removal, ¶ 15.

[7]A person is a citizen of the state in which he has his domicile, i.e., a permanent home where he intends to remain or to which he intends to return. See *Gilbert v. David*, 235 U.S. 561, 569 (1915); *Kanter v. Warner-Lambert*, 265 F.3d 853, 857 (9th cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return").

[8]Furthermore, 28 U.S.C. § 1441(b) states: "Any . . . action [other than one involving a federal question] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." See *Apelian v. United States Shoe Corp.*, 664 F.Supp. 1370, 1371 (C.D. Cal. 1987) ("an action can be removed to federal court based on diversity of citizenship only if none of the defendants . . . are citizens of the state in which the federal court is located."); see also *Lewis*, 519 U.S. at 68 (in a case filed in state court over which "the federal district court [would have diversity jurisdiction] the defendant or defendants may remove the action to federal court, provided that no defendant 'is a citizen of the State in which such action is brought" (citations omitted)). If defendants are California citizens, as appears likely, they may not invoke the court's diversity jurisdiction.

the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount is met.'" *Guglielmino*, 506 F.3d at 699 (quoting *Lowdermilk*, 479 F.3d at 1000). It is clear from information in the record that the amount in controversy in this case does not exceed the jurisdictional threshold. In its complaint, Deutsche sought damages of $40.00 per day from September 19, 2001 to the date it regained possession of the property.[9] Deutsche affirmatively alleged that its damages did not exceed $10,000, and it filed the action as a limited civil case.[10] See CAL. CODE CIV. PROC. § 86 (classifying cases in which the prayer is less than $ 25,000 as limited civil cases). Because the complaint alleges an amount in controversy that is less than $75,000, defendants must demonstrate to a legal certainty that the jurisdictional amount is met to avoid remand.

Defendants contend that the amount in controversy is satisfied because the value of the property is $356,500.[11] In an unlawful detainer action, however, the appropriate measure of damages is the amount sought in the complaint, not the value of the property. *Federal Nat. Mortg. Ass'n v. Lemon*, No. CV 11–03948 DDP (FFMx), 2011 WL 3204344, *2 (C.D. Cal. July 26, 2011) ("[T]he appropriate damages in unlawful detainer actions remains the amount sought in the complaint, not the value of the property itself"); see also *U.S. Bank Nat. Ass'n v. Marshall-Edward: Mikels*, No. C 11–4687 PJH, 2011 WL 5362082, *2 (N.D. Cal. Nov. 7, 2011) ("The complaint seeks restitution of the premises, damages in the amount of $50.00 per day from August 6, 2010, through the date that defendant remains in possession of the property, plus costs of suit. The amount in controversy is not the assessed value or the sales value of the property, but rather the $50.00 per day that HSBC is seeking in damages. Thus, if HSBC prevails against defendant in the unlawful detainer action, liability will not exceed $75,000.00"); *Skyline Vista Equities, LLC v. Henderson*, No. ED CV 11–1665 PA (AGRx), 2011 WL 5122616, *2 (C.D. Cal. Oct. 25, 2011) ("[T]he amount in controversy is determined by the amount of damages sought in the Complaint, rather than the value of the subject real property"). Because defendants fails to rebut the allegations in the complaint regarding the amount in controversy, and because their argument regarding the value of the property is unavailing, the court concludes that the jurisdictional threshold is not met. See *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) ("[W]here the plaintiff does not claim damages in excess of [the jurisdictional amount] and the defendant offers 'no facts whatsoever' to show that the amount in controversy exceeds [the jurisdictional amount], then the defendant has not borne the burden on removal of proving that the amount in controversy requirement is satisfied," citing *Gaus*, 980 F.2d at 566–67).

Accordingly, there is no basis for exercising diversity jurisdiction over this action.

---

[9]Complaint at 3.

[10]*Id*. at 1.

[11]Opposition at 3.

### C. Whether the Court Has Federal Question Jurisdiction to Hear the Action

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9-10. Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the existence of removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar, Inc.*, 482 U.S. at 392. Where a plaintiff has viable claims under both federal and state law, therefore, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir.1996).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.*, 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow Pharmaceuticals*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392. See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). See also *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the

plaintiff's cause of action"). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

There is no federal question apparent on the face of plaintiff's complaint, which alleges only an unlawful detainer cause of action. See *Wells Fargo Bank v. Lapeen*, No. C 11–01932 LB, 2011 WL 2194117, *3 (N.D. Cal. June 6, 2011) ("An unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law," citing *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (Ssx), 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010)); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists"). Such a cause of action does not "arise under" federal law, nor does it have an essential federal ingredient that requires resolution. As a result, the court does not have federal question jurisdiction.

In defendants' notice of removal, they contend that the court has federal question jurisdiction because plaintiff violated the Federal Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), Code of Federal Regulations §226.23(3), and the Fourteenth Amendment.[12] The fact that the United States Constitution or federal statute may provide a defense, however, does not provide a basis for the court to exercise federal question jurisdiction. *Franchise Tax Bd.*, 463 U.S. at 14l; see also *Lapeen*, 2011 WL 2194117 at *5 (rejecting a similar argument by an unlawful detainer defendant that an alleged violation of the Protecting Tenants in Foreclosure Act presented a federal question).

Nor is jurisdiction created by defendants' filing of a counterclaim and third party complaint that allege violations of federal law. See *Deutsche Bank Nat. Trust Co. v. Soto*, No. CV 11-1149 PA (AGRx), 2011 WL 590286, *1 (C.D. Cal. Feb. 9, 2011) ("[N]either an actual nor an anticipated federal counterclaim can form a basis for removal"); *Aurora Loan Services, LLC v. Montoya*, No. 2:11–cv–2485–MCE–KJN–PS, 2011 WL 5508926, *4 (E.D. Cal. Nov. 9, 2011) ("Even if they are premised upon federal law, plaintiff's potential defenses or counterclaims cannot provide the basis for removal jurisdiction here").

### III. CONCLUSION

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566. For the reasons stated, defendants have failed to carry their burden of demonstrating that the court may exercise either diversity or federal question jurisdiction over this action. The clerk therefore is directed to remand

---

[12]Removal, ¶¶ 8, 14.

this case to Los Angeles Superior Court forthwith.[13]

---

[13]Defendants argue in their opposition that plaintiff should not be awarded costs or attorneys' fees.  As plaintiff has not requested costs or attorneys' fees, the court need not address this issue.